UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROBERT JAKUPAJ,

                Plaintiff,

v.

THE PEOPLE OF USA, NEW YORK CITY
DEPARTMENT OF CORRECTION,
C.O. CROCKER, DEPUTY WARDEN MILLS,
and COMMISSIONER OF RIKERS ISLAND,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

21-CV-4136 (LDH)(SJB)

LaSHANN DeARCY HALL, United States District Judge:

      Robert Jakupaj ("Plaintiff"), proceeding pro se asserts claims against The People of USA, New York City Department of Correction ("DOC"), C.O. Crocker,[1] Deputy Warden Mills ("Deputy Warden"), and the Commissioner of Rikers Island ("Commissioner") (collectively, "Defendants"), pursuant to 42 U.S.C. § 1983, for violations of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution. Plaintiff's request to proceed in forma pauperis is granted. Plaintiff has also filed a form Notice of Motion seeking a hearing for "[j]ustice and compensation." (*See* ECF. No. 6 ("Plaintiff's motion").) Plaintiff's motion is denied. For the reasons discussed below, the complaint is dismissed and Plaintiff is granted 30 days leave from the date of this memorandum and order to file an Amended Complaint.

## BACKGROUND

      Plaintiff, who is currently incarcerated at the Anna M. Kross Center at Rikers Island ("Rikers"), brings the instant action challenging the conditions of his confinement at Rikers Island. (*See* Compl., ECF No. 1.) In his statement of claim, Plaintiff alleges, "Human Rights violation –

---

[1] Plaintiff alternatively refers to this defendant as "C.O. Croaker".

inhumane treatment. Cruel and unusual punishments. Human torture!" (*Id.* at 5.[2]) With respect to his injuries, Plaintiff alleges that his entire back and legs hurt from sleeping or lying down on the cold, hard floor, and that his lungs feel "harsh" and "weird" from inhaling smoke and "the officers left [Plaintiff] in there for 10 minutes as the fire/smoke was in [his] cell." (*Id*. at 5–6.) Plaintiff also alleges that the officers laughed at him. (*Id.* at 6.) Plaintiff seeks $1 million in damages. (*Id.*)

Plaintiff attaches to his complaint a personal injury claim form from the New York City Comptroller's Office in which Plaintiff states that he was held in intake at Rikers from a Monday at 9:00 a.m. until Friday at 8:00 p.m. (*Id.* at 8–9.) Plaintiff complains that his blankets were taken, and that he slept on a hard floor. (*Id.* at 9.) Plaintiff further alleges that somebody lit a fire inside the pen, and the detainees were left in the pen for 10 minutes. (*Id.*) Finally, Plaintiff alleges that the detainees were subsequently subjected to strip searches, which was painful and humiliating for Plaintiff. (*Id.*)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. A district court shall dismiss any claim by a prisoner against a governmental entity or officer or employee of a governmental

---

[2] The Court refers to the pages assigned by the Electronic Case Filing system (ECF).

2

entity where such claim (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. *Id.*

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Still, "even pro se plaintiffs asserting civil right[s] claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

To state a § 1983 claim, a plaintiff must establish that the defendants deprived him of a federal or constitutional right while acting under color of state law. *See Colombo v. O'Connell*, 310 F.3d 115, 117 (2d Cir. 2002); *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Specifically, § 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured.

3

42 U.S.C. § 1983. Furthermore, under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health, which includes the risk of serious damage to physical and mental soundness. *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (internal citations and quotation marks omitted).

##### I. Plaintiff's Claims Against the New York City Department of Correction

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17 § 396. The DOC, as an agency of the City of New York, lacks an independent legal existence and is not a suable entity. *See Gregory v. City of New York*, No. 18-CV-320, 2018 WL 3079695, at *1–2 (E.D.N.Y. June 21, 2018) (DOC is not a suable entity); *Glover v. New York City Dept. of Correction*, No. 15-CV-1723, 2015 WL 3466990, at *2 (E.D.N.Y. June 1, 2015) (noting that DOC and other City agencies lack "independent legal existence" and are not suable entities). Accordingly, Plaintiff's claims against the DOC must be dismissed.

Plaintiff cannot substitute the City of New York as a defendant, because he does not currently allege any unconstitutional policy or custom attributable to the City of New York, as is required to hold a government entity liable under § 1983. *See Gonzalez v. City of New York*, 377 F. Supp. 3d 273, 288 (S.D.N.Y. 2019) ("A plaintiff wishing to hold a government entity liable under § 1983 must allege a 'policy' or 'custom' of the entity that caused the injury." (quoting *Monell v. New York City. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978))); *see also Halperin v. New York City Dep't of Correction*, No. 19CV6266BMCLB, 2019 WL 6328775, at *2 (E.D.N.Y. Nov. 26, 2019) (dismissing § 1983 claim against DOC and declining to substitute the City of New York as a defendant where plaintiff did not allege any unconstitutional policy or

4

custom attributable to the City of New York). Thus, Plaintiff's § 1983 claim against DOC is dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii), and the City of New York will not be substituted as a defendant.[3]

## II. Claims Against Deputy Warden, Commissioner, and C.O. Crocker

Plaintiff's claims against the Deputy Warden, the Commissioner, and C.O. Crocker are insufficient to proceed. Although Plaintiff names all three individuals as defendants in the caption of the complaint and in the list of defendants in the body of the complaint, Plaintiff fails to set forth any factual allegations against them. "[W]here a plaintiff names a defendant in the caption, but the complaint contains no substantive allegations against the defendant, dismissal of the complaint as to that defendant is appropriate." *Hobbs v. Dep't of Transp. N.Y.C.*, No. 20-CV-512, 2020 WL 1140794, at *3 (S.D.N.Y. Mar. 6, 2020) (citations omitted); *see also Askew v. Lindsey*, No. 15-CV-7496, 2016 WL 4992641, at *7 (S.D.N.Y. Sept. 16, 2016) (same).

Furthermore, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 559 F.3d 470, 484 (2d Cir. 2006) (quotation omitted). A plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "[L]iability for supervisory government officials cannot be premised on a theory of respondeat superior because § 1983 requires individual, personalized liability on the part of each government defendant." *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014). This Circuit has also recently held that "a plaintiff must plead and prove

---

[3] Although the complaint, as currently drafted, does not contain allegations of a custom, policy, or practice, it is possible that Plaintiff may remedy this deficiency on amendment. Plaintiff does allege that, as part of his intake process, he was denied a bed and a blanket and was instead forced to sleep on a cold, hard floor for five days. If, by way of illustration, Plaintiff were to allege that other detainees entering intake over the five-day period were routinely denied beds and blankets and forced to sleep on the floor for significant periods of time, such allegation may potentially rise to the level of a practice so widespread as to trigger municipal liability. Of course, such an allegation could be tested against a motion by Defendants.

'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676). Thus, "the violation must be established against the supervisory official directly." *Id*.

Here, Plaintiff fails to allege any facts that the Deputy Warden, the Commissioner, or C.O. Crocker was personally involved in the events or actions that allegedly occurred at Rikers. As Plaintiff's claims fail to allege the personal involvement of these defendants, they fail as a matter of law, and cannot proceed. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (affirming dismissal of § 1983 claims against prison superintendent where plaintiff failed to allege sufficient personal involvement on the part of the superintendent); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Here again, this deficiency may potentially be cured on amendment. As currently drafted, the complaint does not contain specific allegations that C.O. Crocker was involved in any specific instance of allegedly unlawful conduct. For example, Plaintiff does not allege that C.O. Crocker is the officer, or one of the officers, who left Plaintiff and others in a smoke-filled area for 10 minutes. If, on amendment, Plaintiff alleges that C.O. Crocker was one such officer, such allegations may be sufficient to survive a motion to dismiss. Furthermore, if other officers were involved in any of the alleged conduct, Plaintiff could and should identify such officers as defendants in both the caption and the body of the amended complaint and allege specific facts regarding their personal involvement in the allegedly unlawful conduct. (Even if Plaintiff does not know the name of any individual, he may identify the individual as John or Jane Doe, along with descriptive information and place of employment. For example, Correction Officer Jane

Doe #1 employed at the Anna M. Kross Center at Rikers Island on January 1, 2020, on or about 1:00 p.m.)[4]

### III. Claims Against the United States

Finally, Plaintiff names "The People of USA," as a defendant in the caption of his complaint. To the extent Plaintiff seeks to bring claims against the United States, Plaintiff has not alleged that the federal government or any federal official is responsible for his alleged constitutional injuries. Accordingly, the United States is dismissed as a defendant. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

## LEAVE TO AMEND

In light of this Court's duty to liberally construe pro se complaints, the Court will allow Plaintiff 30 days leave to file an amended complaint in compliance with Rule 8(a) of the Federal Rules Civil Procedure to state claims based on alleged constitutional violations that occurred against him at Rikers. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

Should Plaintiff elect to file an amended complaint, he must allege facts that support the elements of the claim and identify defendants who personally violated his constitutional rights while acting under color of state law. Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what Plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (defining "fair notice" as 'that which will enable the adverse party to answer and prepare

---

[4] With respect to Plaintiff's allegations that he and other detainees were strip searched, Plaintiff must do more than allege the personal involvement of each defendant. "To survive a motion to dismiss, a plaintiff alleging an unconstitutional search must 'plead facts sufficient to give rise to a plausible inference that the search was not reasonably related to legitimate penological interests.'" *Jenkins v. City of New York*, No. 18-CV-7024 (LDH)(LB), 2020 WL 6700087, at *2 (E.D.N.Y. Nov. 12, 2020) (quoting *Rebenstorf v. City of New York*, No. 15 CIV. 5784 (BMC), 2015 WL 6438765, at *4 (E.D.N.Y. Oct. 21, 2015)). "[S]trip searches conducted in view of other inmates or officers are not, in and of themselves, unreasonable." *Id.* (citing *Rebenstorf*, 2015 WL 6438765, at *2, *4).

for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.").

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. In light of this Court's duty to liberally construe pro se complaints, Plaintiff is granted 30 days leave from the date of this memorandum and order to file an amended complaint to state claims based on alleged constitutional violations that occurred against Plaintiff at Rikers. Plaintiff is advised that any amended complaint he elects to file will completely replace, not supplement, the original complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this order: 21-CV-4136 (LDH)(SJB).

If Plaintiff fails to comply with this order within the time allowed, or cure the deficiencies discussed herein, judgment shall enter dismissing the action. No summonses shall issue at this time and all further proceedings shall be stayed for 30 days.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any in forma pauperis appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      February 25, 2022

/s/ LDH
L<small>A</small>SHANN D<small>E</small>ARCY HALL
United States District Judge

8